**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE P. EDWARDS, individually and on behalf of all others similarly situated, | Nos. 08-56536 08-56538 |
| Plaintiff - Appellant, | D.C. No. CV-07-03796-SJO-FFM |
| v. | |
| THE FIRST AMERICAN CORPORATION; FIRST AMERICAN TITLE INSURANCE COMPANY, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeals from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 4, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

Plaintiff Denise P. Edwards appeals with respect to the denials of her two

motions for class certification and her motion for nationwide discovery in her suit

against Defendants The First American Corporation and its wholly owned

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

subsidiary, First American Title Insurance Company (collectively, "Defendants"). The complaint alleged a national scheme by which Defendants paid millions of dollars to individual title companies and received written exclusive referral agreements in return. In an opinion filed this date, we addressed Defendants' motion to dismiss. Here, we address Plaintiff's appeal.

We review for abuse of discretion the district court's determination of class certification. Staton v. Boeing Co., 327 F.3d 938, 953 (9th Cir. 2003). We also review for abuse of discretion whether or not discovery is permitted in a class action. Kamm v. Cal. City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975).

1. The district court did not abuse its discretion in denying the nationwide class. The party seeking certification bears the burden of showing that each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one requirement of Rule 23(b) have been met. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir.), amended by 273 F.3d 1266 (9th Cir. 2001). Plaintiff failed to meet that burden on the present record.

2. The district court abused its discretion in denying nationwide discovery. Plaintiff must be given "an opportunity to present evidence as to whether a class action [is] maintainable," and such an opportunity requires "enough discovery to obtain the material." Doninger v. Pac. Nw. Bell, Inc. 564 F.2d 1304, 1313 (9th

Cir. 1977). We hold that Plaintiff should be allowed to conduct nationwide discovery and, following that discovery, Plaintiff may renew her motion for certification of a nationwide class.

3. The district court abused its discretion in denying the Tower City (Ohio) class. With respect to liability, there is a single, overwhelming common question of fact: whether the arrangement between Tower City and First American violated the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2607 ("RESPA"). The district court erred when it held that individualized issues predominated because individualized proof would be necessary to determine whether Tower City had referred each class member to First American Title, who was in the class, and what damages each class member suffered. The second two factors clearly do not defeat class certification; every class action requires identification of class members, and most require individual proof of loss. See Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1094 (9th Cir. 2010) ("[T]he amount of damages is invariably an individual question and does not defeat class action treatment." (internal quotation marks omitted)).

To show that a "referral" was made by Tower City would not require a great amount of individualized proof. A "referral" is "any oral or written action directed to a person which has the effect of affirmatively influencing the selection by any

3

person of a provider of" title insurance. 24 C.F.R. 3500.14(f). Plaintiffs contend that Tower City was contractually obligated to refer customers to First American Title, which, if true, would be common proof of the "action" element of a referral.

The reliance or causation element requires a more individualized determination, but when misrepresentations are made to a class of similarly situated individuals, the requirement that the Plaintiff prove reliance or causation will not, by itself, defeat class certification. See Fed. R. Civ. P. 23(b)(3) advisory committee's note ("[A] fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action . . . [unless] there [is] material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed."). Evidence submitted by Plaintiff demonstrates that title agents, in this case Tower City, rather than purchasers, choose which title insurance underwriter to use. Indeed, RESPA was motivated by the fact that "reverse competition" is widespread in the title insurance market. In support of their contention that title agents do not always pick the title insurance underwriter, Defendants point to an affidavit stating that, "[f]rom time to time," banks and other lenders involved in a real estate purchase, not the title agent, pick the title insurance underwriter. This statement is plainly insufficient to show that class members are not similarly situated.

Because individualized questions of law and fact do not predominate, the district court's denial of Plaintiff's motion to certify the Tower City class was an abuse of discretion.

AFFIRMED in part; REVERSED in part and REMANDED. The parties shall bear their own costs on appeal.